## DAMERON VALLEY RESERVOIR & CANAL CO. v. BLEAK et al.

No. 3854.   Decided December 30, 1922.   (211 Utah 974.)

1. WATERS AND WATER COURSES—UPPER APPROPRIATOR HELD ENTITLED TO DECREE GIVING HIM SMALL EXCESS OVER HIS APPROPRIATION, WHERE EXCESS FLOW WAS SO SMALL AS NEVER TO REACH LOWER APPROPRIATOR.  Where the court gave an upper prior appropriator ⅓ of a second foot of water and a lower appropriator 3⅔ second feet of water, but it appeared that, unless there was an entire flow in the stream of 1 second foot of water when it passed the upper appropriator's lands, the water, by reason of evaporation and seepage, would not reach the lands of the lower appropriator for beneficial use, the decree should have provided that, in case the excess above the upper appropriator's rights was sufficient to reach the lands below, he should be permitted to avail himself of such excess.

2. WATERS AND WATER COURSES—DECREE FIXING AMOUNT OF RIGHTS AS TO ADDED LANDS HELD NOT TO AWARD SUFFICIENT AMOUNT TO A PRIOR APPROPRIATOR.  Where the upper and prior appropriator was at time of trial cultivating about 65 acres, and a lower appropriator was cultivating about 200 acres, both having increased their cultivated lands and applied additional water thereto, they were in equal rights as to such additional appropriations, so that it was error to award to the upper appropriator only ⅓ of a second foot as a primary right and award the lower appropriator 3⅔ second feet but that the court should have awarded the upper appropriator ⅔ of a second foot.[1]

3. WATERS AND WATER COURSES—DIVISION OF STREAM BY TIME, RATHER THAN DIVISION OF WATER, HELD PROPER.  Where the flow of the water in a stream is reduced during certain seasons so that in case a division thereof is made it will no longer reach and benefit the lower user, and where in case the entire

---

[1] West Point Irr. Co. v. Moroni & Mt. P. Irr. Ditch Co., 21 Utah, 29, 61 Pac. 16; Cleary v. Daniels, 50 Utah, 494, 501, 167 Pac. 820.

flow of the stream is permitted to continue to flow therein it would reach and benefit the lower user, then the court should require the upper user to use the whole flow of the stream a certain portion of the time and require him to permit all the water in the stream to flow down to the lower user a certain portion of the time so as to serve the best interests of all users and so as not to waste water.

Appeal from District Court, Fifth District, Washington County; *Wm. F. Knox,* Judge.

Action by the Dameron Valley Reservoir & Canal Company against Benjamin Bleak and others. From a judgment for plaintiff, defendants appeal.

REMANDED, with directions to modify decree.

*Higgins & Higgins,* of Fillmore, for appellants.

*Geo. R. Lund* and *D. H. Morris,* both of St. George, for respondent.

FRICK, J.

The plaintiff, a corporation, commenced this action in the district court of Washington county to determine the respective rights of the plaintiff and defendants to the waters flowing in a certain stream in said county. The plaintiff corporation was organized by the water claimants other than the defendant as a convenient way of distributing the water claimed by them, and we shall hereinafter treat the plaintiff as the real party in interest and refer only to the plaintiff as such.

The defendants demurred to the complaint, and, their demurrer having been overruled, they filed their answer in which they fully set forth their claims to the waters in question.

It is not necessary to refer to the pleadings further.

The case was tried to the court which made findings of

fact and conclusions of law and entered judgment or decree, from which defendants appeal.

The overruling of the demurrer is assigned as error. There is no merit to the contention, and we shall not refer to it further.

There are a number of other errors assigned, however, which assail some of the rulings of the court in admitting and in excluding evidence, in making certain findings of fact and conclusions of law, and in entering the decree in question.

The rulings upon the evidence it is not necessary to discuss. We shall therefore refer only to such of the latter assignments as are material to the decision in this case.

It is insisted by the defendants that the court erred in its findings of fact and conclusions of law and in entering the decree. It is not necessary to set forth the findings of fact in detail, and we shall refer to such only as we deem material to this decision.

The evidence is without conflict that the waters flowing in the stream in question greatly fluctuate in quantity at different seasons of the year. In the spring, when the winter snows are melting, and in case of heavy rains in the mountains where the stream has its source, there are at times large quantities of water flowing in the stream, while in the summer and especially during the fall and winter seasons, the flow of water is very meager.

In this case the only appropriation of water proved by both sides is that of diverting it from the stream through ditches and putting it to a beneficial use, the defendants having diverted and used some of the water before the plaintiff, and hence defendants are prior in time and therefore prior in right, and the question for decision is: To how much water have the defendants such a prior right?

It is also beyond dispute that both the plaintiff and the defendants have from time to time increased the area of their cultivated lands and have thus from time to time taken additional water from the stream in case there was water flowing therein.

The defendants' lands and diversion appliances are about

six miles higher up the stream than are the plaintiff's lands, and to that extent defendants' lands are that much nearer to the mountains, where, as before stated, the stream has its source. The court, after stating the character or nature of the improvements made by both the defendants and the plaintiff, and that both parties diverted and used water from the stream, also finds the following facts:

"(5)   That during the summer season the said waters recede until they flow less than 1 second foot of water, and that during the spring of each year and owing to the flood waters caused by summer storms, the flow of water in said canyon at times exceeds 25 second feet of water.

"(6)   That during each and every year since 1893 the defendants and plaintiff, or their predecessors in interest, have used all the said waters for irrigation purposes when there was any water to use, but owing to the drought that existed for several years the water in said canyon did not continue to flow as far as Dameron Valley, but when there was sufficient water the same was conveyed and used for irrigation purposes by the plaintiff and its predecessors in interest in Dameron Valley.

"(7)   That the plaintiff and defendants have since 1893 increased their cultivated lands so that the plaintiff is irrigating several hundred acres and the defendants are cultivating approximately 65 acres of land.

"(8)   That the lands of plaintiff and defendants, in their native state, are barren and unproductive; but when irrigated by means of artificial irrigation they grow large crops of grain, hay, and other crops indigenous to this section of the country, and that the use of said waters by plaintiff and defendants as aforesaid has been for a beneficial purpose."

As conclusions of law the court in substance found that the defendants are entitled to "⅓ of a second foot of water" to be measured in their ditch or canal "between the point of diversion and crest of the hill which lies between the right-hand fork and the lands which they are now cultivating." The court then awards plaintiff "3⅔ second feet of water measured at the crest of the hill where their ditch goes over the divide after said defendants have taken their ⅓ of a second foot of water." The court also directs that—

"When the flow of water in said canyon exceeds 4 second feet, the defendants are to have the excess * * * until they have 1 second foot of water including the ⅓ second foot of water above

referred to, and that the plaintiff is to have the excess of 4⅔ second feet of water, but when the entire flow of water is less than 1 second foot of water, then the plaintiff is to have ⅔ and the defendants are to have ⅓ of said waters."

After full directions with regard to measurements, etc., the court entered a decree in accordance with its conclusions of law.

The defendants insist that in awarding them only one-third of a second foot of water the court erred and that such award is contrary to the evidence.

The undisputed evidence is to the effect that the lands of plaintiff are about six miles lower down the stream than are the lands of the defendants, and that in passing down to plaintiff's lands much of the water is lost by evaporation and seepage. One of plaintiff's witnesses testified that in order to have the water flowing in the stream reach down to plaintiff's lands after it passes defendant's lands six miles above, in his judgment, would require "a stream a foot wide and a foot deep." While this may be more than a second foot of water, yet, according to the evidence, it seems that unless there was a flow of one second foot of water in the stream when it passed defendants' lands, the water, by reason of evaporation and seepage, would not reach the lands upon which the water is intended to be used by the plaintiff. The foregoing evidence, as stated, was produced by the plaintiff, and it stands uncontradicted in the record. Indeed, the court's finding is to the effect that in times of drought there is not sufficient water flowing in the stream to reach plaintiff's lands.

Notwithstanding the uncontradicted evidence just stated, however, that in case the flow of water in the stream in question is reduced to a second foot or less it will not reach the lands of the plaintiff, the court's findings and conclusions as they now stand will necessarily compel the waste of water by requiring the defendants at times when the entire flow of water in the stream is one second foot or less to permit all in excess of one-third thereof to continue to flow in the stream, where it will be lost by evaporation and seepage and fail to reach plaintiff's lands. The law is now well settled

that, where the water is diverted from a stream by an upper user, a lower user cannot legally complain unless the upper user is using an excessive quantity of water which, if permitted to flow in the stream, would reach the lands of the lower user and by him could be put to a beneficial use. In Long on Irrigation, in section 113, the law is stated thus:

"In order to entitle the claimant of a water right to an injunction or damages in an action for an alleged interference with his right, it must, of course, appear that his right has been invaded. And an injunction will not be granted in such an action to restrain the defendant from diverting the water of the stream in question where it appears that the water diverted would not have reached the plaintiff's land even if the defendant had permitted it to flow in its natural channel."

The decisions of this court are to the same effect. *West Point Irr. Co.* v. *Moroni & Mt. P. Irr. Ditch Co.,* 21 Utah, 229, 61 Pac. 16; *Cleary* v. *Daniels,* 50 Utah, 494-501, 167 Pac. 820. See, also, the cases cited in Long on Irrigation in support of the text we have quoted above.

In the first case cited from Utah the decision is correctly reflected in the headnote which reads:

"Before an appropriator of water can be enjoined for diversion by an appropriator further down the stream, it must satisfactorily appear that, had the water been allowed to pass down the stream, it would have reached plaintiff's ditch."

As before stated, defendants insist that the court erred in limiting them to a water right of one-third of a second foot, and further complain that the court also erred in compelling them to permit the water to remain in the stream after the flow is reduced to such an extent that it will not reach plaintiff's lands, which, according to the evidence, occurs when the water flowing in the stream is reduced to one second foot or less. It seems to us that defendants' contention is supported by the uncontradicted evidence and therefore should prevail. Why should the defendants be deprived of the water which in no event can reach plaintiff's lands and is therefore necessarily wasted if permitted to pass below defendants' lands? In passing upon the respective rights of the parties to this action, it should

be remembered that neither of the claimants made a statutory appropriation of water by which a certain quantity was appropriated and used. Both sides claim through prior users, and those prior users merely diverted the water from the stream in such quantities and at such time or times as they had occasion to use water. The defendants and their predecessors in interest were, however, prior in time, and therefore prior in right. The question therefore is: To what quantity of water have they that prior right?

. The court found that quantity to be $\frac{1}{3}$ of a second continuous flow. It seems to us that in view of the evidence the court erred in limiting the defendants to $\frac{1}{3}$ second foot. The court in its findings reflects the true facts or conditions in this case when it finds that both claimants from time to time have increased the area of their cultivated lands and thus have from time to time diverted additional water from the stream to meet their wants. The evidence, however, is quite clear that the defendants were always prior in time, and therefore their rights cannot be ignored. From the court's findings it is made to appear that those claiming through plaintiff have increased their acreage from a few acres until they are now "irrigating several hundred acres," while the defendants "are cultivating approximately 65 acres of land." While the finding is not as definite and as specific as it might be, yet it fairly reflects the evidence. It will be noticed that while the court awarded the defendants only $\frac{1}{3}$ of a second foot as a primary right for "approximately 65 acres," it awarded the plaintiff "$3\frac{2}{3}$ second feet" for "several hundred" acres, which, according to the evidence, is about 200 acres. Plaintiff's proportion is therefore considerably in excess of defendants' proportion according to the acreage, although the rights to the use of water, in so far as both the claimants have from time to time increased their cultivated lands and have applied additional water thereto, seems to us to be practically equal. In view of that, we are of the opinion that the court has awarded the defendants less than their just proportion of the water flowing in the stream. While, as a general rule, we are very

reluctant to interfere with the trial court's findings and conclusions, yet where, as here, the action is one in equity and the parties have a right to our judgment upon the whole evidence, we are required to exercise that judgment where it appears that the trial court's findings are clearly against the weight of the evidence or where its conclusions of law contravene some established principle of law applicable to the facts. In this case, therefore, we are clearly of the opinion that under the evidence the court should have awarded the defendants two-thirds of a second foot of water instead of one-third, and that the court's findings and conclusions should be, and they are hereby, accordingly ordered modified to that extent.

Our conclusion just stated is fortified by the fact that the limited quantity of ⅓ of a second foot of water is only a slight benefit to the defendants while a continuous flow of ⅔ of a second foot of water would, measurably at least, supply their needs. Further, we are of the opinion that in view of the evidence that when the flow of water in the stream has been reduced to a second foot or less the water no longer reaches plaintiff's lands, the defendants should be awarded all of the water flowing in the stream when the flow has been reduced to 1 second foot or less, and the conclusions of law and the decree should be modified to that effect.

We remark that in cases of this kind where the flow of water in a stream is reduced during certain seasons of the year so that in case a division thereof is made it will no longer reach and benefit the lower user, and where in case the entire flow of the stream, if permitted to continue to flow therein, would reach and benefit the lower user, then the court should require the upper user to use the whole flow of the stream a certain portion of the time and require him to permit all the water in the stream to flow down to the lower user a certain portion of the time so as to serve the best interests of all users and so as not to waste water. In view, however, that the evidence is not sufficiently clear or explicit to permit us to make such an order or to

direct that the decree be so modified as to effectuate the suggestion just made, we can do no more than to order the decree modified to the extent hereinbefore stated. In view, however, that the case must be remanded for the purpose of making the modification aforesaid respecting the quantity of water awarded to the defendants, the district court may bear further evidence upon the division of the water as herein suggested, and, if the evidence warrants it, then require the defendants to use all the water in the stream when the flow is reduced so that, if a division were made, the amount remaining in the stream would no longer reach plaintiff's lands; but if the full flow of the stream were permitted to flow down the stream and would then reach and benefit plaintiff's lands, then the court might so modify the decree as to effectuate that result, and in such finding the court should also fix the time or times when each party should either take the whole stream of water or permit it to continue to flow in the stream so as to serve the best interests of all concerned and to prevent the waste of water.

The cause is therefore remanded to the district court of Washington county, with directions to modify the findings, conclusions of law, and decree in accordance with the directions hereinbefore stated, and, in case it hears further evidence and the facts warrant it, to enter a decree respecting the division of the water by periods of time, as hereinbefore suggested. It is ordered that the costs of this appeal be equally divided between plaintiff and defendants.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.